**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

FILED
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
OCT 06 2025
CLERK, US BANKRUPTCY COURT

**In re:**

**WALL007, LLC, et al.,** Debtors.
(Jointly Administered)

Chapter 11
Case No. 22-41049

# MOTION TO REINSTATE THE CASE, STAY AND VACATE DISMISSAL ORDER, AND GRANT TEMPORARY ADMINISTRATIVE ABEYANCE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Timothy L. Barton ("Mr. Barton"), appearing pro se, respectfully submits this Motion to Reinstate the Case, Stay and Vacate the Dismissal Order entered on September 25, 2025, and Grant Temporary Administrative Abeyance pending the outcome of Mr. Barton's appeal to the Fifth Circuit in Case No. 25-11043, and states as follows:

## I. INTRODUCTION

1. On September 25, 2025[1], the Bankruptcy Court held a hearing and dismissed the case despite Mr. Barton's timely Notice of Appeal[2] filed with the Fifth Circuit on September 24, 2025 *(Case No. 25-11043).*

[1] *See Docket for 22-41049*
[2] *See Doc No 40*

2. Mr. Barton was not properly notified of the hearing and requests that the Court stay the dismissal order pending the outcome of the Fifth Circuit appeal. The appeal challenges the District Court's order lifting the litigation stay, which directly led to the dismissal motion in this bankruptcy proceeding.

3. Mr. Barton further requests that the Bankruptcy Court vacate the dismissal order due for issuance on Oct 2, 2025, as the proceedings were conducted without consideration of the pending appeal and without due process, specifically failing to recognize Mr. Barton's timely emergency motion for abeyance.

4. The circumstances here—where a live appeal is pending, combined with a failure to notify Mr. Barton and consider his emergency stay request—constitute a clear violation of due process and the Bankruptcy Court's inherent equitable powers.

## II. BACKGROUND

5. On July 30, 2025[3], the Receiver filed a Notice of Order Lifting the Litigation Stay, based on a District Court order dated July 28, 2025[4], which authorized the Receiver to continue with the motion to dismiss and appointment of a Chapter 11 Trustee.

---

[3] *Document No 39, Case No 22-41049 - Notice of Termination of Stay Order Lifting Litigation Stay Filed by Cortney C Thomas*

[4] *District Court's order lifting the litigation stay (Doc. 660)*

6. On September 24, 2025, Mr. Barton filed a Notice of Appeal with the Fifth Circuit (Case No. 25-11043) challenging the District Court's Order that lifted the litigation stay. Mr. Barton informed the Bankruptcy Court, as detailed in his Pro Se Notice of Fifth Circuit Appeal filed on September 25, 2025 (Doc. 40).

7. Despite the pending appeal and Mr. Barton's timely emergency motion for temporary administrative abeyance, the Bankruptcy Court proceeded with the hearing on September 25, 2025, and dismissed the case without considering Mr. Barton's appeal or granting his requested abeyance.

## III. ARGUMENT

8. The Court Should Reinstate the Case and Stay the Dismissal Pending Appeal. The Fifth Circuit appeal directly challenges the District Court's order lifting the litigation stay. As per Fed. R. Bankr. P. 8007 and FRAP 8, an appeal divests the lower court's jurisdiction over matters that are under appeal.

9. **The Court Should Vacate the Dismissal Order Due to Lack of Notice and Violation of Due Process.** Mr. Barton was not notified of the hearing, and therefore, his due-process rights were violated. The Bankruptcy Court also failed to consider Mr. Barton's timely emergency motion for a temporary stay/administrative

abeyance under 11 U.S.C. § 105(a) and FRBP 9023/9024 (motions to alter or amend orders).

10. **Reinstating the Case and Granting the Stay Preserves the Status Quo and Prevents Irreparable Harm.** The equities favor reinstating the case and staying the dismissal pending the appeal. As argued in Landis[5], judicial economy and fairness require temporary abeyance of proceedings when an appeal could change the outcome of lower-court decisions.

11. **Irreparable harm.** would occur if the case is dismissed before the Fifth Circuit has had an opportunity to rule on Mr. Barton's appeal. Dismissal would result in the irreversible loss of property rights and leave Mr. Barton without recourse should the Fifth Circuit find in his favor.

12. **The Court Has the Inherent Power to Stay and Vacate the Dismissal Order.** The Bankruptcy Court has inherent powers to stay proceedings or vacate orders in order to maintain fairness and preserve the integrity of the appellate process.

## IV. RELIEF REQUESTED

Wherefore, Mr. Barton respectfully requests that the Court:

---

[5] *Landis v. North American Co., 299 U.S. 248 (1936)*

a) Reinstate the case and stay the dismissal of the bankruptcy proceedings until the Fifth Circuit issues a ruling on the pending appeal (Case No. 25-11043).

b) Vacate the September 25, 2025 Dismissal Order due to a lack of proper notice and violations of Mr. Barton's due-process rights.

c) Grant a temporary administrative abeyance of any further hearings or rulings related to dismissal or conversion of the case for 90 days, pending the resolution of the appeal.

d) Recognize Mr. Barton's Pro Se Appearance and ensure he is added to the service list for all further filings in this case.

## V. CONCLUSION

For the reasons stated above, Mr. Barton respectfully requests that this Motion to Reinstate the Case, Stay and Vacate the Dismissal Order, and Grant Temporary Administrative Abeyance be granted in its entirety.

Respectfully submitted,

*/s/ Timothy L. Barton*

**Timothy L. Barton (Pro Se)**
1846 E Rosemeade Pkwy, #232
Carrollton, TX 75007
Tel: (214) 673-8714
Email: timothy.barton@proton.me

**CERTIFICATE OF SERVICE**

I, Timothy L. Barton, hereby certify that on September 26, 2025, I served the foregoing motion on all parties of record via CM/ECF/Email.

Dated: September 26, 2025

*<u>/s/ Timothy Barton</u>*

Timothy Barton, Pro Se